WO

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Hernandez-Roque, | No. CV-14-01814-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

This matter is before the Court on Jorge Hernandez-Roque's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) ("Petition") and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Eileen S. Willett on May 27, 2016 (Doc. 18). Petitioner filed Objections to the R&R on July 25, 2016 (Doc. 25). Respondents filed a Response to the Objections on August 2, 2016 (Doc. 26), and Petitioner submitted a Reply on September 1, 2016 (Doc. 27).

**I.     Background and Objection**

In the R&R, the Magistrate Judge set forth a concise and accurate summary of the background of this case. (Doc. 18 at 1-4). Petitioner does not object to the procedural facts in the R&R (*See* Doc. 18 at 3-4; Doc. 25 at 2); the Court finds that these facts are supported by the record and incorporates them here. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (noting that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection"). Although Petitioner indicates objection to the Magistrate Judge's

statement of the facts underlying the conviction, Petitioner fails to identify the specific facts to which he objects or the evidence supporting that objection. (Doc. 25 at 2). The Court has reviewed the record and finds that the facts as provided by the Magistrate Judge are accurate. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). The Court thus overrules any objection to the facts and summarizes the relevant facts here for clarity.[1]

On June 17, 2009, during a narcotics investigation, police conducted surveillance of a house in Glendale. (Doc. 1-1 at 6). A black Dodge truck was parked in front of the house. (*Id.* at 6-7). A black Toyota Camry briefly stopped in front of the house, drove away, returned about twenty minutes later, and then parked on the street in front of the house. (*Id.* at 7). The driver of the Camry briefly entered the house, then returned to the Camry, and drove away. (*Id.*) Soon after, Petitioner exited the house, moved the Dodge truck onto the driveway, and went back inside the house. (*Id.*) A few minutes later, he left the house "carrying a large black plastic bag that contained 'bulky material.'" (*Id.*) He placed the bag under a piece of drywall in the truck's bed, got into the truck, and drove away. (*Id.*)

Officers began mobile surveillance on the Dodge truck and the Camry, which both travelled to a golf course parking lot. (*Id.*) Although Petitioner did not get out of the truck, the driver of the Camry exited the car, grabbed a large black plastic bag from the Dodge truck bed, and placed the bag in the Camry's trunk. (*Id.* at 7-8). The cars then left the parking lot. (*Id.* at 8). Soon after, officers stopped the Camry and smelled a strong marijuana odor; a K-9 drug-sniffing dog then alerted the officers to the large black plastic bag, which was found to contain over seven pounds of marijuana. (*Id.*) At about the same time officers stopped the Camry, other officers stopped the Dodge truck, which Petitioner

---
[1] As did the Magistrate Judge in the R&R (Doc. 18 at 2), this Court will rely upon the facts as presented by the Arizona Court of Appeals in its July 2011 decision. (Doc. 1-1 at 5-11).

was driving. (*Id.*) When the same drug-sniffing dog later conducted a free-air sniff around the Dodge truck, the dog again alerted that there were narcotics in the vehicle. (*Id.* at 9). Because no narcotics were found, the K-9 detective opined that the dog had alerted to marijuana that had previously been in the truck. (*Id.*)

In August 2010, Petitioner was tried with co-defendant Juan Abundez Leyva, who had also been arrested in connection with the drug-related offenses subject to police observation on June 17, 2009. (Doc. 1-1 at 9-10). The jury found Petitioner guilty of possession of marijuana for sale involving a weight greater than four pounds and conspiracy to commit possession of marijuana for sale. (Doc. 1-1 at 5-6, 10). Petitioner's conviction and sentence were affirmed by the Arizona Court of Appeals on July 7, 2011. (Doc. 1-1 at 15).

After pursuing, and not succeeding, on post-conviction relief proceedings before the Arizona trial court and then the Arizona Court of Appeals (Doc. 1-1 at 76-77, 122-125), Petitioner filed the current federal habeas proceeding on August 15, 2014. (Doc. 1). In his Petition, he lists two bases for relief: inadequate assistance of trial counsel and actual innocence, but only elaborates on the inadequate assistance of counsel claim. (Doc. 1 at 4-9). In her R&R, Magistrate Judge Willett found Petitioner did not show that the state court's resolution of his ineffective assistance of counsel claim was an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. (Doc. 18 at 4-15). Accordingly, Magistrate Judge Willett recommended that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice. (Doc. 18 at 15). She further recommended that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be denied because Petitioner has not made a substantial showing that he was denied a constitutional right. (Doc. 18 at 15).

Petitioner filed an Objection to the Magistrate Judge's R&R (Doc. 25). In the Objection, Petitioner objects to the Magistrate Judge's findings regarding his ineffective assistance of counsel claims. (Doc. 25). Specifically, Petitioner contends that he received

ineffective assistance of counsel because his trial counsel failed to interview or call witnesses who could establish that Petitioner was not the same "Jorge" who was the telephone accomplice to co-defendant Leyva. (Doc. 25 at 3-4). Petitioner further asserts his counsel was ineffective because his counsel did not sever his case from co-defendant Leyva's case. (Doc. 25 at 4). Last, Petitioner asserts that he should have received a hearing regarding his ineffective assistance of counsel claims. (Doc. 25 at 7).

**II.     Standards**

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1). A district court evaluating a Magistrate Judge's report may specifically adopt those portions of the report to which no "specific written objection" is made, so long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas*, 474 U.S. at 149. A district court is not required to review any portion of a magistrate judge's R&R that is not the subject of an objection. *Thomas*, 473 U.S. at 149. *See also* 28 U.S.C.A. § 636(b)(1) (the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

**III.    Analysis**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), habeas relief is not available on any claim adjudicated on its merits in state court unless the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Review under this provision is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). In other words, once a claim is adjudicated on the merits in state court, the federal habeas court may not consider any new evidence of the claim. *See id.* The petitioner bears the burden of proving the standards for habeas relief

- 4 -

have been met. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). When applying this highly deferential standard of review, 'the federal court should review the 'last reasoned decision' by a state court." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). Accordingly, the Court has reviewed the Memorandum Decision issued by the Arizona Court of Appeals on August 15, 2014. (Doc. 1-1 at 122-125).

### A. Ineffective Assistance of Counsel

The controlling Supreme Court precedent on claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a convicted defendant must show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the petitioner. *Id.* at 687. To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id.* at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* "[A] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689.

In addition to showing counsel's deficient performance, a petitioner must establish that he suffered prejudice as a result of that deficient performance. *Id.* at 691-92. To show prejudice, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999). The prejudice component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364,

372 (1993). It is not enough to merely show "that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. A habeas court may proceed directly to the prejudice prong without deciding whether counsel's performance was deficient. *Id.* at 697; *Jackson v. Calderon*, 211 F.3d 1148, 1155 n.3 (9th Cir. 2000). The court, however, may not assume prejudice solely from counsel's allegedly deficient performance. *Jackson*, 211 F.3d at 1155.

Finally, in the context of a habeas petition, a petitioner must do more than demonstrate that the state court applied *Strickland* incorrectly. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Rather, a petitioner must show the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699. Because the standards created by *Strickland* and § 2254(d) are both "highly deferential," review under both standards in tandem is even more deferential. *Harrington v. Richter*, 562 U.S 86, 105 (2011) (citations omitted). "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

In its decision, the Arizona Court of Appeals rejected Petitioner's claim of ineffective assistance of counsel. (Doc. 1-1 at 123-125). It addressed Petitioner's claims that his trial counsel was ineffective because: (1) counsel did not interview co-defendant Leyva to establish that the "Jorge" to whom Leyva referred in his statement to a detective was a different Jorge than Petitioner; (2) counsel failed to adequately investigate the identity of the owner of the telephone that called Petitioner; and (3) counsel should have moved to sever Petitioner's trial from Leyva's trial. The Court of Appeals rejected these arguments, noting that there was no evidence that co-defendant Leyva would have agreed to an interview. (Doc. 1-1 at 124). The Court of Appeals further noted that Petitioner failed to "develop any meaningful arguments" regarding his other contentions, and therefore he waived those arguments. (Doc. 1-1 at 124-25). The Court finds Petitioner has failed to demonstrate that the Court of Appeals decision affirming the trial court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme

Court law, or was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1), (2). Review is limited to the evidence presented on the record before the state court. *Pinholster*, 563 U.S. at 181-82.

First, regarding Petitioner's claim that counsel was ineffective by not interviewing co-defendant Leyva to establish that a different Jorge was involved in the purchase of marijuana, the Court agrees with the Magistrate Judge that there is no evidence that Leyva would have been willing to testify on Petitioner's behalf. (Doc. 18 at 9). Notably, to testify that Petitioner was not involved in the conspiracy, Leyva would necessarily have admitted his own involvement in the conspiracy. There is no evidence in the record supporting the suggestion that Leyva would incriminate himself in order to establish Petitioner's possible innocence. Therefore, Petitioner cannot show that Leyva was available and willing to testify. *See United States v. Harden*, 846 F.2d 1229, 1231-32 (9th Cir. 1988) (finding that, to succeed on an ineffective assistance of counsel claim based on failing to call a witness, a petitioner must establish that the witness was available and willing to testify).

In his Objections to the Magistrate Judge's R&R, Petitioner similarly claims that counsel was deficient for failing to interview or call to testify at trial the alleged other Jorge, Jorge Vasquez-Munoz. (Doc. 25 at 5-6). The Court first notes that Petitioner failed to make this argument before the state court or in his initial Petition (Doc. 1); he has therefore waived the argument. *See James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994) (stating that a habeas petition should be dismissed for failed to exhaust state remedies if the Petitioner failed to present a claim for review to the state's highest court). Even if the argument was not waived, however, the argument fails because, as with co-defendant Leyva, there is no evidence that Jorge Vasquez-Munoz would have been willing to testify on Petitioner's behalf, which would necessarily involve incriminating himself. Accordingly, the Court also rejects Petitioner's claim that trial counsel was ineffective for failing to call Mr. Vasquez-Munoz to testify at trial.

Further, regardless of whether there was another Jorge involved in the conspiracy, as noted by the trial court in Petitioner's state court post-conviction relief proceeding, the

evidence establishing Petitioner's involvement was strong:

> The State's case was largely circumstantial but quite strong. [Petitioner] was seen acting in tandem with co-defendants, carrying a large bag later found to contain the marijuana in question, and a dog alerted on the truck he was driving for the presence of marijuana. He received numerous calls on his phone from co-defendant Leyva after his arrest. Finally, he made several incriminating statements against his own interest.

(Doc. 1-1 at 77). Accordingly, based on this evidence, Petitioner cannot establish a "reasonable probability" that, even if counsel had attempted to obtain testimony from either Leyva or Vasquez-Munoz, "the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694.

Petitioner's claim that trial counsel was ineffective by failing to sever Petitioner's trial from Leyva's trial also fails. "Before severance is required, defenses must be irreconcilable; they must be antagonistic to the point of being mutually exclusive." *State v. Cruz*, 672 P.2d 470, 473 (Ariz. 1983). Defenses are mutually exclusive if, in order to believe the testimony of one defendant, the jury "must necessarily disbelieve the testimony offered on behalf of his co-defendant." *Id.* (citations omitted). As noted by the Magistrate Judge, both Petitioner and co-defendant Leyva claimed that they were innocent, and defense of one did not require that the other be found guilty. Therefore, even if Petitioner's counsel had moved to sever the trials, the defenses were not irreconcilable and it is unlikely that the trial court would have granted the motion to sever. Accordingly, Petitioner cannot succeed on an inadequate assistance of counsel claim based on trial counsel's failure to move for severance. *See James*, 24 F.3d at 27 ("Counsel's failure to make a futile motion does not constitute ineffective assistance of counsel").

Therefore, neither the trial court, nor the Court of Appeals, in affirming the trial court, made an unreasonable determination of the facts in light of the evidence presented in the state court, or an unreasonable application of *Strickland*. The Court thus finds that Petitioner has failed to show that the state courts' decisions denying his ineffective assistance of counsel claim satisfy the standards for habeas relief. Accordingly, Petitioner's objection that the Magistrate Judge erred is rejected.

### B. Evidentiary Hearing

In his Objection, Petitioner also claims that he should have received an evidentiary hearing under Rule 32.8 of the Arizona Rules of Criminal Procedure. (Doc. 25 at 9). Under Arizona law, a defendant "is entitled to an evidentiary hearing when he presents a colorable claim, that is a claim which, if defendant's allegations are true, might have changed the outcome." *State v. Gutierrez*, 278 P.3d 1276, 1281 (Ariz. 2012). The purpose of an evidentiary hearing is "to allow the court to receive evidence, make factual determinations, and resolve material issues of fact." *Id.* at 1282. If there are no material facts in dispute and " the only legal issue is the legal consequence of undisputed material facts, the superior court need not hold an evidentiary hearing." *Id.*

The state trial court did not hold an evidentiary hearing on Petitioner's ineffective assistance of counsel claim. (Doc. 1-1 at 76-77). The state trial court, however, did review the purported new evidence presented to it and found that this evidence would not have altered the outcome of the trial. (Doc. 1-1 at 77). Specifically, the trial court found that, even if co-defendant Leyva told an investigator after the trial that he was referring to a different Jorge, co-defendant Leyva did not testify at trial and there was no evidence that he would have submitted to an interview prior to trial. (Doc. 1-1 at 77). Likewise, the trial court found that, at trial, Detective Cano did testify that he did not know if Leyva's reference to Jorge was to the Petitioner or to another Jorge. (*Id.*) As the Court of Appeals found, an evidentiary hearing was not necessary because, even if Leyva's post-trial statements were credible, there was no evidence the jury would have ever heard that version of events; therefore, Petitioner could not establish that the allegations, if true, could have changed the outcome:

> [E]ven if Leyva's post-trial statements were credible, he is unlikely to have agreed to an interview. And nothing in the record suggests Leyva would have done so. Thus, irrespective of Leyva's version of events, that version would not have been presented to the jury. We therefore need not determine whether the court properly could evaluate Leyva's credibility without an evidentiary hearing.

(Doc. 1-1 at 124). Accordingly, because Petitioner had not presented any material facts that may have changed the outcome of the trial, the Court finds that Petitioner was not

entitled to a trial court evidentiary hearing on his petition for post-conviction relief.

### C. Actual Innocence

Petitioner has also not established a claim of actual innocence. As discussed above, Petitioner asserts that there was a different Jorge that the evidence would incriminate. (Doc. 1 at 6-7). The Supreme Court has held that, in order for a petitioner to successfully claim actual innocence, he must be able to pass through the *Schlup v. Delo* actual innocence gateway by showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The evidence must be reliable and must not have been presented at trial. *Id.* at 324. Reliable evidence includes exculpatory scientific evidence, trustworthy eyewitness accounts, and critical physical evidence. *Id.*

Here, Petitioner fails to present new, reliable evidence in support of his actual innocence claim. The only additional evidence he claims is that, after the trial, Leyva told an investigator that there was a different Jorge involved in the conspiracy. This, however, does not constitute new evidence because, as discussed above, there is nothing to suggest that Leyva would have testified in Petitioner's favor in exchange for incriminating himself at trial. Further, even if there was an additional Jorge involved in the conspiracy, there was ample evidence incriminating Petitioner: officers saw him placing a bulky black bag in his truck; officers saw someone meet him and move the bag from his truck to their car; over seven pounds of marijuana were found in the bag that had been moved to the car; a drug sniffing dog signaled the presence of marijuana in Petitioner's truck shortly after the bag transfer; and there were multiple phone calls to Petitioner's phone from a number that Leyva identified as his phone number. Based on this evidence, Petitioner's argument of actual innocence fails.

### D. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and the Court must state the specific issue

or issues that satisfy the showing required for a certificate of appealability ("COA"). The Court is authorized to issue a COA "only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 336 (internal quotations and citations omitted). A COA "does not require a showing that the appeal will succeed." *Id.* at 337. Here, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court agrees with Magistrate Judge Willett that Petitioner is not entitled to a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Willett's R&R (Doc. 18) is **accepted** and **adopted** as the order of this Court. Petitioner's Objections (Doc. 25) are overruled.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because dismissal of the Petition is justified because reasonable jurists would not find the assessment of the constitutional claims debatable or wrong.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 13th day of September, 2019.

Honorable Diane J. Humetewa
United States District Judge